Samuel M. Gold, J.
In this article 78 proceeding, petitioner seeks an order requiring respondents to reissue to him his master electrician license without the necessity of his taking another written examination therefor. Petitioner originally voluntarily surrendered his license in 1923, when he was appointed an Electrical Inspector for the Department of Water Supply, Gas and Electricity. His claim is that he did so on the specific understanding that the license was to be restored without examination, upon termination of his employment with the department. A letter from the then Chairman of the License Board to petitioner offers some proof in substantiation of this position. Moreover, petitioner contends that it was the custom, practice and usage at that time — and thereafter — for licenses to be surrendered for voluntary suspension during city employment, with the proviso that they would be re-effectuated or reissued without examination when such employment ended. Some substantiation of this position is offered by the fact that in 1939 a written regulation of the License Board was promulgated, which embodied the custom and practice which petitioner claims had been in effect regarding surrendered or suspended *745 licenses. Furthermore, in 1957, this regulation became statutory law, further demonstrating its continued usage and applicability. (Administrative Code of City of New York, § B30-16.0.)
Respondents, in opposition, allege that in 1923 there was no written regulation or statute which authorized anyone on behalf of the department or its License Board to suspend a license temporarily; that the letter from the Chairman of the License Board to petitioner was completely unauthorized; that, in fact, the minutes of the License Board indicate that petitioner’s license was cancelled; that the 1939 regulation and the 1957 statute have no applicability to petitioner’s case; and that there is no legal right to issue a license to this petitioner without a further written examination; It is not disputed by respondents that petitioner otherwise meets the qualifications for such license by virtue of his 38 years of experience in the field, or that petitioner would be so entitled without examination if his license had been surrendered or suspended voluntarily after the effective dates of either the regulation or statute aforesaid. Moreover, respondents make no specific challenge to petitioner’s claim of prior custom and usage.
In the view of the court, neither the written resolution of 1939 nor the statutory enactment of 1957 can serve to deprive petitioner of previously accrued rights and privileges. Petitioner’s reliance upon statements made by the Chairman of the License Board, upon a communication received from him, and upon custom, usage and practice at the time, is sufficient to warrant a granting of the requested relief in the exercise of the sound discretion of respondents. Certainly the lengthy tenure of petitioner in city service should not militate against him in comparison to others more recently hired and retired. Nor was the purported hearing afforded petitioner within the usual standards of fairness provided by respondent License Board. The hearing consisted primarily of expressions by the board of bewilderment as to how to handle petitioner’s application. Petitioner was neither permitted to offer evidence or proof in his behalf nor was the hearing ever officially concluded.
It would seem that, after more than 38 years of honorable service, petitioner was entitled to more than a cursory and inconclusive hearing, before such an important right was summarily denied to him.
The matter is accordingly remanded to respondents for further consideration not inconsistent with this opinion, and to afford petitioner a full and fair hearing, at which he may demonstrate the custom and usage at the time of the surrender of his *746 license, and any understanding had with the then Chairman of the License Board. He may also submit all documentary evidence and other proof bearing upon his legal or equitable entitlement to the relief sought.